**JUDGE CARTER**



PROSKAUER ROSE LLP
Anthony S. Cacace
M. Todd Mobley
Eleven Times Square
New York, New York 10036-8299
P: (212) 969-3307
F: (212) 969-2900
acacace@proskauer.com
mmobley@proskauer.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

TRUSTEES of the MASON TENDERS' DISTRICT      :     **No.:**
COUNCIL WELFARE FUND, PENSION FUND,     :
ANNUITY FUND, and TRAINING FUND,     :
    :
    :     **COMPLAINT**
Plaintiffs,     :
    :
- against -     :
    :
SLAVCO CONTRUCTION INC., SLAVCO     :
MADZAROV, and FIDELITY & DEPOSIT CO. of     :
MD,     :
    :
Defendants.     :

-----------------------------------------------------------------------X

Plaintiffs, the Trustees of the Mason Tenders' District Council of Greater New York and

Long Island ("MTDC") Welfare Fund, Pension Fund, Annuity Fund, and Training Fund

(collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their

Complaint, respectfully allege as follows:

<u>NATURE OF THE ACTION AND JURISDICTION</u>

1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of

the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C. §§

1132(a)(3), 1145) and section 301 of the Labor-Management Relations Act of 1947 (the "Taft-Hartley Act") (29 U.S.C. § 185), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract.  This Complaint alleges that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Defendants Slavco Construction Inc. ("Slavco Construction") and Slavco Madzarov ("Madzarov") violated their collective bargaining agreement, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act, and ERISA.

2.      Jurisdiction of the Court is invoked under the following statutes:

(a)      sections 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1132(e)(1), (f));

(b)      section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c)      28 U.S.C. § 1331 (federal question); and

(d)      28 U.S.C. § 1337 (civil actions arising under an Act of Congress regulating commerce); and

(e)      principles of pendent jurisdiction.

3.      Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act.

## PARTIES

4.      Plaintiffs are the Trustees of the Funds, which are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. §§ 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3), and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and the Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA

2

(29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees, on whose behalf employers contribute to the Funds, pursuant to collective bargaining agreements between employers in the building and construction industry and the MTDC. The MTDC Welfare Fund, as the authorized agent, also collects and remits the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Fund ("NYS H&S"), the Industry Advancement Fund ("IAF"), and the dues checkoffs and MTDC Political Action Committee ("MTDC PAC") contributions due to the MTDC. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County, and State of New York.

5.     The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and they bring this action in their fiduciary capacity.

6.     At all times material herein, Defendant Slavco Construction has been a for-profit business corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and Defendant Slavco Construction has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act.

7.     Upon information and belief, Defendant Madzarov is the President and Chief Executive Officer of Defendant Slavco Construction.

8.     Defendant Slavco Construction executed a collective bargaining agreement (the "Agreement"), with respect to which the Funds are third-party beneficiaries.

3

9.     Defendants Slavco Construction agreed to comply with and to be bound by all of the provisions of the Agreement.

10.     Defendant Madzarov also agreed to be personally bound by and to assume all obligations of Defendant Slavco Construction under the terms and conditions of the Agreement.

11.     At all times material hereto, Defendant Fidelity & Deposit Company of Maryland ("Fidelity") has been a for-profit corporation authorized to do business in the State of New Jersey and to enter into and issue bonds and undertakings in the State of New Jersey as authorized by the State of New Jersey Department of Banking & Insurance.

## THE AGREEMENT AND TRUSTS

12.     In or around 2002, Slavco executed the Agreement with the Mason Tenders' District Council of Greater New York, under which the Funds were third-party beneficiaries and were entitled to receive contributions from Slavco. The Agreement stated that it would remain in full effect through June 30, 2005, and would renew from year to year thereafter unless either party to the Agreement gave written notice to the other party of its desire to modify, amend, or terminate the Agreement.

13.     Pursuant to the terms of the Agreement and the Trusts, Defendant Slavco Construction and Defendant Madzarov are required, *inter alia*, to:

(a)     Pay monetary contributions to the Funds and to the authorized agent of the NYS-LECET, GNY-LECET, NYS H&S, and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreement, for all work performed within the trade and geographic jurisdictions of the MTDC;

(b)     submit contribution reports to the Funds;

(c)     in the event that Defendant Slavco Construction fails to pay fringe benefit contributions timely, Defendant Slavco Construction is obligated to pay

4

interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

(d)     deduct and remit dues checkoffs and MTDC PAC contributions (at the rates per hour specified by the MTDC), from the wages paid to employees who authorize the deductions in writing, for all work performed within the trade and geographic jurisdictions of the MTDC;

(e)     permit and cooperate with the Funds or their designated representatives in the conduct of audits of all of Defendant Slavco Construction's books and records including, without limitation, all payroll sheets, W-2 and 1099 forms, New York employment reports and records, insurance company reports, supporting checks, ledgers, vouchers, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company; and

(f)     post and maintain a bond to guarantee payment of all fringe benefit contributions and remittance of all dues checkoffs and MTDC PAC contributions that become due and owing.

14.     The line preceding the signature line of the Agreement states, *"**The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement**"* and he warrants and represents that he has authority to bind the Employer and the principals or members thereof." (emphasis in original).

15.     Defendant Madzarov signed the Agreement on behalf of Defendant Slavco Construction.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

16.     Pursuant to the terms of the Agreement, the Trusts, and section 515 of ERISA, employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreement.

17.     Failure to pay the required fringe benefit contributions, or failure to make such payment in a timely manner, constitutes a violation of the Agreement, the Trusts, and section 515 of ERISA.

18.     The Agreement, the Trusts, and section 502 of ERISA all provide that, upon a finding of an employer violation as that set forth in Paragraphs 13 and 14, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages (both of which are computed at the rate prescribed under 26 U.S.C. § 6621) on the unpaid, or untimely paid, fringe benefit contributions, together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (CLAIM AGAINST SLAVCO CONSTRUCTION AND MADZAROV FOR FRINGE BENEFIT CONTRIBUTIONS)

19.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 of the Complaint, as if fully set forth herein.

20.     As a result of work performed pursuant to the Agreement by individual employees of Defendant Slavco Construction, fringe benefit contributions in the amount of $303,344.67, as determined by an audit of Defendant Slavco Construction's books and records covering the period December 31, 2011 through June 30, 2013, became due and owing from Defendant Slavco Construction (the "Delinquent Fringe Benefit Contributions").

21.     Although payment has been duly demanded, Defendant Slavco Construction has failed to pay the Delinquent Fringe Benefit Contributions, which are contractually due.

22.     Defendant Slavco Construction's failure to pay the Delinquent Fringe Benefit Contributions constitutes a violation of the Agreement, the Trusts, and section 515 of ERISA.

6

23.     Because Defendant Madzarov bound himself personally for all liability arising under the Agreement, Defendant Madzarov is personally liable for payment of the outstanding $303,344.67 in Delinquent Fringe Benefit Contributions.

24.     Accordingly, pursuant to the Agreement, the Trusts, and section 502 of ERISA, Defendants Slavco Construction and Madzarov are liable to the Funds for:  (a) fringe benefit contributions in the amount of $303,344.67, plus any additional fringe benefit contributions found due and owing pursuant to an audit of Defendant Slavco Construction's books and records for the period July 1, 2013 to the date of judgment; and (b) the interest and liquidated damages on all of the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(CLAIM AGAINST SLAVCO CONSTRUCTION AND MADZAROV FOR DUES
CHECKOFFS AND MTDC PAC CONTRIBUTIONS)

25.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26.     As a result of work performed pursuant to the Agreement, by individual employees of Defendant Slavco Construction who authorized deductions for dues checkoffs and MTDC PAC contributions in writing, dues checkoffs and MTDC PAC contributions in the amount of $25,996.67, as determined by an audit of Defendant Slavco Construction's books and records covering the period December 31, 2011 through June 30, 2013, became due and owing from Defendant Slavco Construction (the "Delinquent Dues and MTDC PAC Contributions").

27.     Although payment has been duly demanded, Defendant Slavco Construction has failed to pay the Delinquent Dues and MTDC PAC Contributions, which are contractually due.

28.     Defendant Slavco Construction's failure to remit the Delinquent Dues and MTDC

PAC Contributions constitutes a violation of the Agreement.

29.     Because Defendant Madzarov bound himself personally for all liability arising

under the Agreement, Defendant Madzarov is personally liable for payment of the outstanding

$25,966.67 in Delinquent Dues and MTDC PAC Contributions.

30.     Accordingly, pursuant to the Agreement and section 301 of the Taft-Hartley Act,

Defendants Slavco Construction and Madzarov are liable for: (a) dues checkoffs and MTDC PAC

contributions in the amount of $25,996.67, plus such additional dues checkoffs and MTDC PAC

contributions found due and owing pursuant to an audit of Defendant Slavco Construction's books

and records for the period July 1, 2013 to the date of judgment; and (b) the interest on all of the

unremitted dues checkoffs and MTDC PAC contributions.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(CLAIM AGAINST SLAVCO CONSTRUCTION AND MADZAROV FOR COSTS
ASSOCIATED WITH THE AUDIT OF THE FUNDS)

31.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1

through 30 of the Complaint, as if fully set forth herein.

32.     Pursuant to Section 17 of the Agreement, Defendant Slavco Construction is liable

for the imputed cost of the audit ("Audit Costs"), plus interest, costs, and attorneys' fees, if an

audit finds that Defendant Slavco Construction is substantially delinquent, as defined in the

Agreement, in the payment of fringe benefit contributions to the Funds.

33.     An audit of Defendant Slavco Construction's books and records covering the

period December 31, 2011 through June 30, 2013 found that Defendant Slavco Construction is

8

substantially delinquent, as defined in the Agreement, in the payment of fringe benefit contributions to the Funds.

34.    Pursuant to the method of calculating the Audit Costs set forth in Section 17(d) of the Agreement, Defendant Slavco Construction is liable for Audit Costs in the amount of $38,423.62.

35.    Defendant Slavco Construction has failed to pay the $38,423.62 in Audit Costs, which are contractually due.

36.    Because Defendant Madzarov bound himself personally for all liability arising under the Agreement, Defendant Madzarov is personally liable for payment of $38,423.62 in Audit Costs.

37.    Accordingly, pursuant to the Agreement, Defendants Slavco Construction and Madzarov are liable for $38,423.62 in unpaid Audit Costs, plus interest, costs, and attorneys' fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (CLAIM AGAINST SLAVCO CONSTRUCTION AND MADZAROV FOR INJUNCTIVE RELIEF)

38.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

39.    As set forth above, Defendant Slavco Construction has breached, and remains in breach, of its obligations under the Agreement and the Trusts, and has violated section 301 of the Taft-Hartley Act and section 515 of ERISA.

40.    Defendant Slavco Construction's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned contractual and statutory provisions.

9

41.     Plaintiffs will suffer immediate and irreparable injury unless Defendant Slavco Construction, its officers, agents, servants and employees are enjoined from violating the terms of the Agreement and the Trusts and required to timely pay or submit the required fringe benefit contributions or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and MTDC PAC contributions deducted from the wages paid to employees who authorize the deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as Defendant Slavco Construction remains obligated to do so pursuant to the Agreement, the Trusts, and ERISA.

42.     Plaintiffs have no adequate remedy at law to ensure that Defendant Slavco Construction will adhere to its continuing obligations under the Agreement, the Trusts, and ERISA.

43.     Accordingly, Plaintiffs request that the Court issue an injunction preliminarily and permanently enjoining Defendant Slavco Construction, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreement and the Trusts and requiring them to timely pay or submit the required fringe benefit contributions or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and MTDC PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as Defendant Slavco Construction remains obligated to do so pursuant to the Agreement, the Trusts, and ERISA.

10

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM AGAINST SLAVCO CONSTRUCTION AND FIDELITY FOR BREACH OF SURETY BOND)

44.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

45.     Pursuant to the Agreement, as set forth in paragraph 11(f) above, Defendant Slavco Construction was required to post and maintain a bond to guarantee the payment of all monetary obligations thereunder.

46.     Defendant Slavco Construction provided a bond to Plaintiffs in the amount of $50,000.00 (the "Surety Bond"). A true and correct copy of the Surety Bond is annexed hereto as Exhibit A.

47.     Pursuant to the terms of the Surety Bond, Defendant Fidelity agreed to indemnify Plaintiffs up to and including the full amount of the Surety Bond in the event Defendant Slavco Construction failed to make payment to the Funds of all the amounts pursuant to the Agreement and Trusts.

48.     As set forth above, Defendant Slavco Construction has breached and is currently in breach of its obligations under the Agreements and the Trusts.

49.     As a result of Defendant Slavco's failure to make such payment, Defendants Slavco Construction and Fidelity are jointly and severally liable to Plaintiffs for all amounts due and owing, up to the full amount of the Surety Bond.

50.     No part of the Surety Bond has been paid by Defendant Fidelity to Plaintiffs.

51.     Accordingly, pursuant to the terms of the Surety Bond, Defendant Fidelity, jointly and severally liable with Defendant Slavco Construction, is liable to Plaintiffs in the amount of

11

$50,000 for unpaid fringe benefit contributions, interest on unpaid contributions, plus costs and disbursements and reasonable attorneys' fees incurred.

WHEREFORE, Plaintiffs demand judgment:

(a) against Defendants Slavco Construction and Madzarov for payment of all past due fringe benefit contributions in the amount of $303,344.67, plus all additional fringe benefit contributions found due and owing pursuant to an audit of Defendant Slavco Construction's books and records for the period July 1, 2013 to the date of judgment, and which become due during the pendency of this action;

(b) against Defendants Slavco Construction and Madzarov for accrued prejudgment interest on all fringe benefit contributions due pursuant to the Agreement and § 502(g)(2) of ERISA;

(c) against Defendants Slavco Construction and Madzarov for liquidated damages on all fringe benefit contributions due pursuant to the Agreement and § 502(g)(2) of ERISA;

(d) against Defendants Slavco Construction and Madzarov for reasonable attorneys' fees and costs pursuant to the Agreement and § 502(g)(2) of ERISA;

(e) against Defendants Slavco Construction and Madzarov for remittance of dues checkoffs and MTDC PAC contributions in the amount of $25,996.67, plus all additional dues checkoffs and MTDC PAC contributions found due and owing pursuant to an audit of Defendant Slavco Construction's books and records for the period July 1, 2013 to the date of judgment, and which become due during the pendency of this action, with interest;

(f) against Defendants Slavco Construction and Madzarov for Audit Costs in the amount of $38,423.62, plus interest, costs, and attorneys' fees, pursuant to the Agreement;

(g) against Defendants Slavco Construction and Madzarov for an order preliminarily and permanently enjoining Defendant Slavco Construction, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreement and the Trusts and requiring them to timely pay or submit the required fringe benefit contributions or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and MTDC PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as Defendant

12

Slavco Construction remains obligated to do so in accordance with ERISA, the Agreement, and the Trusts;

      (h)     against Defendant Fidelity, jointly and severally liable with Defendant Slavco Construction, in the amount of $50,000.00 for payment of past due fringe benefit contributions, interest on the unpaid contributions, costs, disbursements, and reasonable attorneys' fees, pursuant to the Surety Bond; and

      (i)     for such other and further relief as the Court deems just and proper.

New York, New York
September 8, 2014

PROSKAUER ROSE LLP
Attorneys for Plaintiffs

By: _____

Anthony S. Cacace
M. Todd Mobley
Eleven Times Square
New York, New York 10036-8299
(212) 969-3307
acacace@proskauer.com
mmobley@proskauer.com

13

MASON TENDERS' D. C.

[illegible] 002/003

# MASON TENDERS' DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND AND TRAINING FUND

RECEIVED

MAR 2 8 2008

MTDC TRUST FUNDS

## SURETY BOND FORM

NAME OF SURETY COMPANY: Fidelity & Deposit Co. of MD    BOND NO. 800230

## INSTRUCTIONS

(1) Power of Attorney of Surety Representative must be attached to the Bond.
(2) Principal must sign the Bond, and have the acknowledgement executed and notarized.
(3) The face amount of the Bond must comply with the provisions of the Trade Agreement.
(4) The Bond must be returned to the Offices of:

Mason Tenders' District Council Welfare Fund,
Pension Fund, Annuity Fund and Training Fund
520 Eighth Avenue, Suite 600
New York, NY 10018-4196.

## TERMS AND CONDITIONS

KNOW ALL MEN BY THESE PRESENTS, that we Slavco Construction Inc.
Name of Employer-Principal

164 Getty Ave., Clifton, NJ 07011
Address of Employer-Principal

Federal Employer Identification Number

as Principal, and Fidelity & Deposit Co. of MD
Name of Surety Company

c/o JJ Farber-Lottman Co. Inc., PO Box 613, Paliades Park, NJ 07650
Address of Surety Company

a Company duly authorized and licensed to issue insurance policies in the State of New York by the Insurance Department of the State of New York, as Surety, are held and firmly bound unto the Mason Tenders' D.C., Welfare Fund, Pension Fund, Annuity Fund and Training Fund, (hereinafter collectively referred to as the "Funds"), at 520 Eighth Avenue, Suite 600, New York, NY, 10018-4196 as Obligees in the sum of $ 50,000    lawful money of the United States of America, for payment of which sum, well and truly to be made, the Employer-Principal and surety bind themselves, jointly and severally, their successors, heirs, administrators, executors and assigns, firmly by these presents.

SIGNED, SEALED AND EFFECTUATED this 20th    day of    March    , 2008

WHEREAS, the above Obligees, have required the Employer-Principal to furnish a Bond of Indemnity, guaranteeing payment to the Funds, which payments, including interest from the date of the default, legal costs and disbursements, and reasonable attorneys fees incurred, the Employer-Principal is obligated to make pursuant to the terms and conditions of collective bargaining agreement with the Mason Tenders District Council of Greater New York and all of the foregoing being made part hereof, and further to the separate Agreements and Declarations of Trust concerning the Funds and co-obligees hereunder between Employer-principal and Obligees, all of which are made a part hereof.

**NOW, THEREFORE,** the condition of this obligation is such that if said Employer-Principal shall pay the payments, including interest from the date of default, legal costs and disbursements, and reasonable attorney's fees incurred, required to be made to the Funds which the Employer-Principal is obligated by such Agreement and/or Agreements to pay for the period during which this Bond remains in force or any modification and/or extension and/or renewal of the foregoing agreements, then this obligation shall be null and void, otherwise to remain in full force and effect, subject to the following conditions.

1) That the surety may cancel its liability as to future assessments under this Bond at any time by notice by registered mail to the Employer-Principal and Obligees at least One Hundred Twenty (120) days in advance of such cancellation, in which event, the Surety's liability shall, at the expiration of said One Hundred twenty (120) days cease and terminate except as to the liability of the Employer-Principal as may be accrued prior to the expiration of said One Hundred Twenty (120) days.

2) That the liability of the Surety under this Bond to the Obligees for one or more defaults of the Employer-Principal shall not exceed in the aggregate the sum of this Bond.

3) Any extension of time granted to the Employer-Principal to make payments aforementioned, shall not require notice to or consent from the Surety.

**PRINCIPAL**    Name of Principal: Slavco Construction, Inc.

Authorized Signature: _____

Title: President

**SURETY**    Name of Surety: Fidelity & Deposit Co. of MD

Authorized Signature: _____

Title: Attorney in Fact

Scott Swan/JJ Farber-Lottman Co. Inc.

# Power of Attorney
## FIDELITY AND DEPOSIT COMPANY OF MARYLAND

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by THEODORE G. MARTINEZ, Vice President, and GERALD F. HALEY, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint **Sanford FARBER and Scott L. SWAN, both of Palisades Park, New Jersey,** EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Sanford FARBER, Scott L. SWAN, dated May 27, 2003.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 22nd day of May, A.D. 2006.

ATTEST:

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**



*Gerald F. Haley*    *Assistant Secretary*

By:

*Theodore G. Martinez*

State of Maryland  }
City of Baltimore  } ss:

On this 22nd day of May, A.D. 2006, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came THEODORE G. MARTINEZ, Vice President, and GERALD F. HALEY, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Constance A. Dunn*    *Notary Public*
My Commission Expires: July 14, 2011

POA-F 120-0044

# FIDELITY AND DEPOSIT COMPANY
### OF MARYLAND
### 3910 KESWICK ROAD, BALTIMORE, MD 21203



#### Statement of Financial Condition
#### As Of December 31, 2006

### ASSETS

| | |
|---|---:|
| Bonds | $ 150,563,710 |
| Stocks | 39,367,826 |
| Cash and Short Term Investments | 38,939,878 |
| Reinsurance Recoverable | 8,609,769 |
| Other Accounts Receivable | 25,762,452 |
| TOTAL ADMITTED ASSETS | $ 263,243,635 |

### LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $    625,582 |
| Ceded Reinsurance Premiums Payable | | 32,539,586 |
| Securities Lending Collateral Liability | | 35,322,207 |
| TOTAL LIABILITIES | | $   68,487,375 |
| Capital Stock, Paid Up | $    5,000,000 | |
| Surplus | 189,756,260 | |
| Surplus as regards Policyholders | | 194,756,260 |
| TOTAL | | $ 263,243,635 |

Securities carried at $33,209,464 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2006 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $261,193,375 and surplus as regards policyholders $192,706,000.

I, DAVID A. BOWERS, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2006.

_____
*Corporate Secretary*

State of Illinios
City of Schaumburg  } SS:

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 20th day of March, 2007.

_____
*Notary Public*

```
OFFICIAL SEAL
MARLO G SARABYN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/25/07
```